## Goodbody & Co. v. Levine

*George A. Spohrer*, for plaintiff.

*Martin J. Meyer*, for defendant.

HOURIGAN, J., April 17, 1969.—This matter comes before us on defendant's preliminary objections to plaintiff's complaint in the nature of a motion for more specific pleading and a demurrer.

Plaintiff, Goodbody & Co., is a limited partnership engaged in business as a broker-dealer in securities, and defendant is Herman Levine, who opened an account with plaintiff and on April 17, 1968, directed it, through one of its agents, to sell 300 shares of the common stock of Del E. Webb Corporation. Plaintiff then sold these shares on April 17, 1968, at the current market price. Six days later, on April 23rd, defendant delivered to plaintiff stock certificates for 300 shares of Webb & Knapp, Inc., at which time plaintiff paid over to defendant the proceeds of the sale of stock of Del E. Webb Corporation. Thereafter, plaintiff discovered not only that Del E. Webb Corporation and Webb & Knapp, Inc. were separate corporations but that the market price of the latter corporate stock was

far less. Plaintiff then advised defendant on May 1, 1968, that the wrong shares had been delivered and demanded that defendant deliver 300 shares of Del E. Webb Corporation stock to it or pay the cost of the April 17th sale. Defendant refused to do either, and on May 10, 1968, plaintiff purchased 300 shares of Del E. Webb Corporation.

Defendant has filed preliminary objections in the nature of a motion for more specific pleading in that: (1) The complaint refers to alleged instructions received from defendant by plaintiff's agent, but fails to state whether they were communicated orally or in writing, and if in writing, the pleadings fail because they do not contain a copy of the said writing; (2) paragraph 7 of the complaint alleges that certain information was "learned" by plaintiff, but fails to state how and from whom the information was obtained; and (3) plaintiff's allegation that defendant delivered to plaintiff certain stock certificates other than those which it instructed plaintiff to sell, implies fraudulent conduct and false representation by defendant, and the complaint therefore fails to plead such conduct and representation with particularity and specificity as required by Pa. R. C. P. 1019 (b). We will first dispose of these objections, seriatim, before considering defendant's demurrer.

Pennsylvania Rule of Civil Procedure 1019 (h) states that "a pleading shall state specifically whether any claim or defense set forth therein is based upon a writing", and defendant contends in his brief that custom and usage lead to the inescapable conclusion, under the circumstances of this case, that the alleged instructions had to be written. We are not now in a position to decide this question, nor have we been asked to decide the legal significance of oral instructions. However, we are in accord with the overwhelming majority of Pennsylvania courts in interpreting rule 1019

(h) to mean that, if a party fails to aver that the claim is based upon a writing, it must be assumed that the claim is based upon an oral contract and that only when a claim is based upon a writing need that fact be averred: Fawcett v. Vulcan Iron Works, 40 Luz. 422; Ledondici v. Wartella, 41 Luz. 319.

Defendant's second claim for a more specific complaint is that plaintiff averred it "learned" of the separate existences of the two corporate stocks but failed to state the source of this information, or the manner by which it was obtained. We dismiss this objection as being without merit for the reason that even less than adequate business procedure would disclose the discrepancy when stock certificates of one corporation and records of sale of stock of another corporation were in the possession of plaintiff. We can find no way in which this allegation would work a hardship or prejudice on defendant and conclude that this issue does not come within the purview of considering whether the elements of plaintiff's complaint in assumpsit are set forth with the requisite clarity and conciseness.

Defendant's final objection to the complaint's absence of specificity is that the complaint infers fraudulent conduct and false misrepresentation by defendant, and is not pleaded with particularity in violation of Pa. R. C. P. 1019 (b). Although an averment of fraud without setting forth the facts on which it is based will be held defective upon preliminary objection, plaintiff's complaint merely recites the elements of the alleged contract, states that defendant breached that contract, and claims damages that plaintiff incurred as a result of such breach. The complaint states that defendant delivered stock certificates to plaintiff other than those he ordered sold, and further, that defendant subsequently refused plaintiff's alternative demands; however, these facts cannot be deemed to

raise an inference of fraud. Nowhere does the complaint allege fraud or misconduct. Pennsylvania Rule of Civil Procedure 1019 (b) is designed to prevent bare allegations of fraud without stating supporting facts and circumstances.

Defendant's demurrer to the complaint is not supported by defendant's brief which attempts to argue the merits of the case. Plaintiff has set forth the basic elements of contract. The contract is clearly based on agency and, conforming to Pa. R. C. P. 1019 (f), the complaint sets forth with particularity the agency relationship, Goodbody & Co. as agent, and Mr. Levine as principal.

The relation of a broker to his employer is that of an agent, and rules of law applicable to principal and agent govern their respective rights and liabilities: Reiff v. Hall, 35 D. & C. 2d 661.

We cannot, as a matter of law, grant the demurrer since we must for this purpose take as true every material and relevant fact well pleaded and every inference fairly deducible therefrom: 54 Luz. 112. It is clear that an agent stockbroker who, in accordance with his authority, sells stock for his principal, is entitled to be reimbursed for any losses suffered in carrying out the order or in protecting himself upon the principal's default: Restatement of Agency 2d, §439.

We find therefore, that the facts of plaintiff's complaint set forth a cause of action against defendant.

## ORDER

And now, April 17, 1969, at 9:15 a.m., upon consideration of the foregoing, defendant's preliminary objections to plaintiff's complaint in the nature of (1) a motion for more specific pleading, and (2) a demurrer, are hereby denied and defendant is ordered to file a responsive pleading to the complaint within 20 days of the date of this order.